UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ARCADIO GONZALEZ,

                    Petitioner,        MEMORANDUM & ORDER
                                                    10-CV-3366(JS)
    -against-

WILLIAMS LEE, Superintendent,
Green Haven Correctional Facility,

                    Respondent.
----------------------------------------X
APPEARANCES
For Petitioner:    Arcadio Gonzalez, pro se
                    #07A5305
                    Green Haven Correctional Facility
                    P.O. Box 4000
                    Stormville, New York 12582-4000

For Respondent:    Guy Arcidiacono, Esq.
                    Suffolk County District Attorney's Office
                    Criminal Courts Building
                    200 Center Drive
                    Riverhead, NY 11901

SEYBERT, District Judge:

        Arcadio Gonzalez ("Gonzalez" or "Petitioner"), pro se, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and requests a stay so that he can pursue his unexhausted claims in state court. For the following reasons, the request for a stay is DENIED, and the petition is DISMISSED WITHOUT PREJUDICE.

## Background

        On June 3, 2006, Gonzalez was arrested and charged with one count of Murder in the Second Degree and two counts of

Criminal Possession of a Weapon in the Second Degree for the shooting of Thomas Esteves in Bay Shore, New York. (Resp't Answer ¶ 4.) In February and May 2007, his defense attorney, Craig E. McElwee, Esq., had him evaluated by a forensic and clinical psychiatrist to assist McElwee in gaining an understanding of Petitioner's mental state at the time of the events leading to his arrest. (Forensic-Psychiatric Eval. [Docket No. 9] at 1.) The evaluating psychiatrist concluded that Gonzalez killed Mr. Esteves while in a psychotic state brought on by a crack cocaine binge. (Id. at 6.) The psychiatrist believed that, "he lost any rational control over his behavior and engaged in the offense conduct." (Id.)

On September 19, 2007, Gonzalez pled guilty to the counts of the indictment and was sentenced by Justice Doyle of the Suffolk County Supreme Court to twenty-five years imprisonment and five years post-release supervision for the first count and fifteen years imprisonment with five years of post-release supervision for the weapons counts, all sentences to run concurrently. (Resp't Answer ¶ 3.) Gonzalez appealed his sentence to the Second Department of the Appellate Division claiming that the sentence imposed was unduly harsh and severe. (Pet. ¶ 6.) The Appellate Division affirmed the sentence on July 7, 2009, People v. Gonzalez, 64 A.D.3d 615, 884 N.Y.S.2d 193 (2d Dep't 2009), and the Court of Appeals denied leave to

appeal on November 6, 2009, 13 N.Y.3d 859, 920 N.E.2d 99, 891 N.Y.S.2d 694 (2009).

Pending before the Court is Gonzalez's petition for a writ of habeas corpus seeking relief from the judgment of conviction from the Suffolk County Supreme Court. Petitioner asserts that he is <u>not</u> petitioning on the grounds that his sentence was unduly harsh and severe (Pet. at 13)[1], but is instead seeking relief on the grounds that: (1) the New York Supreme Court refused to review his psychiatric evaluation; (2) he received ineffective assistance of counsel; (3) his plea was involuntarily coerced; and (4) his right to a jury trial was violated. (Pet. ¶ 10.) Gonzalez seeks a stay of his habeas corpus petition so that he can exhaust these claims in state court before proceeding in federal court. (<u>Id</u>.)

## Discussion

Before petitioning for a writ of habeas corpus, a petitioner must first exhaust any available state remedies. 28 USC § 2254(b)(1)(A). To properly exhaust a state court remedy, a petitioner "must apprise the highest state court of both the factual and the legal premises of the federal claims ultimately asserted in the habeas petition." <u>Galdamaz v. Keane</u>, 394 F.3d 68, 73 (2d Cir. 2005). "A district court must dismiss any

---

[1] "Petitioner brings the instant premature petition for a writ of <u>habeas</u> <u>corpus</u> not on the same grounds as was submitted in the state court." (Mem. in Support of Pet. [Docket No. 1])

3

petition for habeas corpus . . . that contains issues not exhausted in state courts." McKethan v. Mantello, 292 F.3d 119, 122 (2d Cir. 2002) (citing Rose v. Lundy, 455 U.S. 509, 510, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982)). When a court is faced with a mixed petition--a petition presenting both exhausted and unexhausted claims--it "might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." Rhines v. Weber, 544 U.S. 269, 275-276, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). A federal court will not stay a petition comprised solely of unexhausted claims, and all such petitions must be dismissed without prejudice. Id.; see also Kalu v. New York, No. 08-CV-4984, 2009 WL 7063100, at *5 (E.D.N.Y. Sept. 15, 2009) ("[W]here, as here, the petition is not mixed, and contains only unexhausted claims, federal courts that have considered the issue are in agreement that the stay-and-abeyance procedure described in Rhines is not available."), adopted by 2010 WL 4385580 (E.D.N.Y. Oct. 28, 2010).

Here, Petitioner alleges that his right to jury trial claim is exhausted, even though Petitioner has never brought this issue to the attention of any state court, because it "only pose[s] federal habeas relief." (Pet. ¶ 10.) Petitioner is incorrect. "At any time after the entry of a judgment, the court in which it was entered may, upon motion of the defendant,

4

vacate such judgment upon the ground that: . . . [t]he judgment was obtained in violation of a right of the defendant under the constitution of this state or of the United States. . . ." C.P.L. § 440.10(1)(h). Petitioner must exhaust his right to jury trial claim in state court before petitioning this Court for habeas relief. See id.; 28 USC § 2254(b)(1)(A).

Therefore, his petition is premature--he has not exhausted any of the claims for which he now seeks habeas relief. (Pet. ¶ 10.) Since the Court does not have authority to stay the proceedings until Petitioner exhausts his claims in state court, see Rose, 455 U.S. at 520, his Petition is DISMISSED WITHOUT PREJUDICE. Petitioner may file a new petition once he exhausts his state court remedies.

## Conclusion

For the foregoing reasons, Petitioner's request for a stay is DENIED and his habeas corpus petition is DISMISSED WITHOUT PREJUDICE. The Clerk of the Court is directed to mark this matter closed and to send a copy of this order to the pro se Petitioner.

SO ORDERED

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:  August 3, 2011
        Central Islip, New York