```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ARCADIO GONZALEZ,

                    Petitioner,         MEMORANDUM & ORDER
                                        10-CV-3366(JS)
        -against-

WILLIAMS LEE, Superintendent,
Green Haven Correctional Facility,

                    Respondent.
----------------------------------------X
APPEARANCES
For Petitioner:    Arcadio Gonzalez, pro se
                   #07A5305
                   Green Haven Correctional Facility
                   P.O. Box 4000
                   Stormville, New York 12582-4000

For Respondent:    Guy Arcidiacono, Esq.
                   Suffolk County District Attorney's Office
                   Criminal Courts Building
                   200 Center Drive
                   Riverhead, NY 11901
```

SEYBERT, District Judge:

Arcadio Gonzalez ("Petitioner") filed his pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 12, 2010 and simultaneously requested a stay to allow him to exhaust his claims in state court. (Docket Entry 1.) On August 3, 2011, this Court denied Petitioner's request for a stay and dismissed the Petition without prejudice for failing to exhaust his claims in state court. (Docket Entry 11.) Presently pending before the Court is Petitioner's motion for reconsideration of the Court's Memorandum and Order

dismissing his Petition. (Docket Entry 13.) For the reasons that follow, Petitioner's motion is DENIED.

DISCUSSION[1]

I. Standard of Review

Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3. See Wilson v. Pessah, No. 05-CV-3143, 2007 WL 812999, at *2 (E.D.N.Y. March 14, 2007). A motion for reconsideration is appropriate under Rule 59(e) when the moving party believes the Court overlooked important "matters or controlling decisions" that would have influenced the prior decision. Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999). Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion. See United States v. Gross, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002). Nor is it proper to raise new arguments and issues. See Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997). Reconsideration may only be granted when the Court did not evaluate decisions or data that might reasonably be expected to alter the conclusion reached by the Court. See

---

[1] The Court assumes familiarity with the facts of this case, which are discussed in detail in the Court's August Memorandum and Order, and hereby incorporates by reference the findings and legal conclusions articulated in that opinion.

2

Wechsler v. Hunt Health Sys., 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002).

Rule 60(b) of the Federal Rules of Civil Procedure provides relief from a judgment for, inter alia, mistakes, inadvertence, excusable neglect, newly discovered evidence, and fraud. FED. R. CIV. P. 60(b). Rule 60(b) provides "extraordinary judicial relief" that is "invoked only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). Accordingly, granting Rule 60(b) relief is "disfavored." Empresa Cubana Del Tabaco v. Gen. Cigar Co., 385 Fed. Appx. 29, 31 (2d Cir. 2010).

## II. Petitioner's Argument

In his motion for reconsideration, Petitioner "respectfully request[s] that the petition be tolled" while his application to the Appellate Division for leave to appeal the Suffolk County Supreme Court's denial of his N.Y. C.P.L. § 440.10 motion is pending. Petitioner's request is unnecessary for two reasons. First, the statute of limitations is automatically tolled while the appeal is pending, see Carey v. Saffold, 536 U.S. 214, 219-220, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002); Fernandez v. Artuz, 402 F.3d 111, 115 (2d Cir. 2005), so no Court order is required. Second, according to Petitioner, the Appellate Division denied leave to appeal on September 7, 2011. Now, having exhausted his claims in state

3

court, Petitioner filed a new Petition. (Docket Entry 14.) Thus, no stay is required.

The Court notes that Petitioner filed this new Petition in the above-captioned case, rather than under a new docket number. This was incorrect, as judgment was entered and the case was closed. Thus, the Court hereby directs the Clerk of the Court to assign a new docket number to this independent Petition (Docket Entry 14), and to remove it from the above-captioned docket.

**If Petitioner wishes to proceed, he must, within fourteen (14) days from the date of this Order, either (i) pay the $5.00 filing fee, in cash if submitted in person or by certified check or money order payable to the Clerk of Court, U.S.D.C., E.D.N.Y, or (ii) request to waive the $5.00 filing fee by completing an <u>in</u> <u>forma</u> <u>pauperis</u> ("IFP") application. 28 U.S.C. § 1915. Petitioner is warned that if he does not comply, his case will be dismissed.**

CONCLUSION

For the foregoing reasons, Petitioner's motion for reconsideration (Docket Entry 13) is DENIED AS MOOT. The Clerk of the Court is directed to: (i) open a new case and assign a new docket number to the Petition at Docket Entry 14, and (ii) send a copy of this Memorandum and Order and an IFP application form to the pro se Petitioner.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: November  15 , 2011
       Central Islip, NY

5